AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern District of Ohio | |
|---|---|---|
| Name (under which you were convicted): <br> Joseph Pinckney | | Docket or Case No.: <br> CR2021-02-0507 |
| Place of Confinement : <br> Southern Ohio Correctional Facility | Prisoner No.: <br> A791360 | |
| Petitioner (include the name under which you were convicted) <br> Joseph Pinckney <br><br> v. | Respondent (authorized person having custody of petitioner) <br> Cynthia Davis | |
| The Attorney General of the State of: Ohio | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Summit County Court of Common Pleas, 209 South High Street, Akron, Ohio 44308

   (b) Criminal docket or case number (if you know): CR2021-02-0507

2. (a) Date of the judgment of conviction (if you know): 04/26/2022

   (b) Date of sentencing: 04/26/2022

3. Length of sentence: Life without the possibility of parole

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Aggravated murder, Ohio Revised Code (ORC) 2903.01(A), with a firearm specification, ORC 2941.145(A), Aggravated burglary, ORC 2911.11(A)(2)(B), with a firearm specification, ORC 2941.145(A), Felonious Asssault, ORC 2903.11(A)(2)(D)(1)(a), with a firearm specification, ORC 2941.145(A), Felonious Assault, ORC 2903.11(A)(2)(D)(1)(a), with a firearm specification, ORC 2941.145(A). One count of the felonious assaul merged with the aggrevated murder and sentende was not imposed upon it.

6. (a) What was your plea? (Check one)

    ☑ (1) Not guilty     ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty         ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   NA- Not guilty pleas were entered on all counts

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☑ Jury   ❑ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❑ Yes   ☑ No

8.   Did you appeal from the judgment of conviction?

    ☑ Yes   ❑ No

9.   If you did appeal, answer the following:

(a) Name of court:   Ohio Ninth District Court of Appeals

(b) Docket or case number (if you know):   30334

(c) Result:   Affirmed

(d) Date of result (if you know):   12/20/2023

(e) Citation to the case (if you know):   2023-Ohio-4630

(f) Grounds raised:   (1) The Trial Court erred in allowing the State to strike an African-American juror from

the venire where the State failed to provide a race-neutral rationale for the strike. (2)The Trial Court

committed reversible error bolstering an eye witnesses' credibility resulting in prejudice against the

defendant. (3)The Trial court erred in denying defendant's motion to suppress eyewitness's

identification based on unnecessarily suggestive photo array. (4) The Trial court erred by failing to grant

defendant's Crim. R. 29 Motions for Acquittal and entering judgment on the verdict unsupported by

sufficient evidence. (5) The trial court erred by entering judgment on the verdict against the manifest

(g) Did you seek further review by a higher state court?   ☑ Yes   ❑ No   weight of the evidence. (6) The Trial
Court erred by allowing the State to
claim in closing that the Defense bore

If yes, answer the following:     a burden to disprove allegations,
where the Defendant carries no
burden of proof.

(1) Name of court:   Ohio Supreme Court

(2) Docket or case number (if you know):   2024-0178

(3) Result:   Jurisdiction Declined

AO 241 (Rev. 09/17)

(4) Date of result (if you know):     04/16/2024

(5) Citation to the case (if you know):     2024-Ohio-1386

(6) Grounds raised:     (1)Trial Court allowing the State to strike an African-American juror

from the venire where the State failed to provide a race neautral rationale for the strike.

The Court held that the use of premptory strikes to remove from the panel members of a

cognizable racial group solely on account of their race violates the Equal Protection Clause.

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No  Continued on Attached

If yes, answer the following:

(1) Docket or case number (if you know):     NA

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Summit County Court of Common Pleas

(2) Docket or case number (if you know):     CR-2021-02-0507

(3) Date of filing (if you know):     05/13/2024

(4) Nature of the proceeding:     Motion for Request DNA Results

(5) Grounds raised:     Mr. Pinckney was denied his DNA results.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result:     No ruling reflected on public docket.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): No ruling

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Summit County Court of Common Pleas

    (2) Docket or case number (if you know): CR-2021-02-0507

    (3) Date of filing (if you know): 06/18/2024

    (4) Nature of the proceeding: Request for Leave to File Petition to Vacate or Set Aside Judgment or Conviction

    (5) Grounds raised: (1) The trial court erred when it denied Mr. Pinckney's motino to suppress

    as it was not supported by competent, credible, evidence; (2)The evidence is insufficient to

    sustain the conviction as the prosecutor failed to prove venue beyond a reasonable doubt. (3)

    The petitioner's counsel rendered ineffective assistance by failing to develop a plain

    error assignment on appeal regarding the trial court's error in vouching for the credibililty of a

    witness, as determined by the Ninth Appellate District Court. (4) The trial court erred in

    sentencing Mr. Pinckney to consecutive prison term[s], thereby denying him due process as

    provided by the Fifth and Fourteenth Amendments of the United States Constitution

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion? Continued on Attachment

    ❏ Yes    ❏ No

    (7) Result: Denied

    (8) Date of result (if you know): 08/21/2024

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court: Summit Court of Common Pleas

    (2) Docket or case number (if you know): CR2021-02-0507

    (3) Date of filing (if you know): 06/21/2024

    (4) Nature of the proceeding: Request for Disqualification of Prosecutor

    (5) Grounds raised: The personal relationship between the Defendant and members of the

    defendant's family and APA Felicia Easter, and members of APA Easter's family

    rendered the convictions injust and denied the defendant a fair trial.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result:    Denied

(8) Date of result (if you know):    08/21/2024

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?        Additional motions and petitions outlined attached.

    (1) First petition:    ☑ Yes    ☐ No

    (2) Second petition:    ☑ Yes    ☐ No

    (3) Third petition:    ☑ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

The petitioner filed multipe matters jurisdictional appeal to the Ohio Supreme Court, as well as

original actions in mandamous.

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

      **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    The Petitioner's due process rights and protections pursuant to the Equal Protection Clause

of the United States Constitution were denied when the State of Ohio utilized a preemptory strike of an African

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):    American juror absent a race neutral rational for the strike.

The State of Ohio struck Juror Number 3, who was African-American using a preemptory strike, which reduced

the total number of African-Americans on the venire to two. The Petitioner is likewise African-American. The State

of Ohio failed when they attempted to introduce Juror Number 3's indication that there need to be more than

eyewitness testimony to convict, despite being sufficiently rehabilitated by defense counsel.

(b) If you did not exhaust your state remedies on Ground One, explain why:    State remedies have been exhausted on thi

ground.

AO 241 (Rev. 09/17)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:    This issue was raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    NA

Name and location of the court where the motion or petition was filed:    NA

Docket or case number (if you know):    NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):    NA

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:    This matter was addressed in a misc. filing in the Ohio Supreme Court in case 2024-0970, which was dismissed, and an original action in mandamus in the Ohio Supreme Court in case 2024-1034, which was dismissed.

**GROUND TWO:**        The Petitioner's right to due process and a fundamentally fair trial and neutral judge were denied when the trial court bolstered an eyewitnesses testimony by commenting on their truthfulness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

While a state witness was testifying, the Trial Court indicated "clearly the court does not- the court is well aware, Dr. Lord *** of your long-standing republication in the community. And we certainly hope you get reinstated one of these days."

(b) If you did not exhaust your state remedies on Ground Two, explain why:    State remedies were exhausted on this ground.

(c)    **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes    ☐  No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:    This matter was raised on direct appeal.

(d)    **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☑ Yes    ☐  No

   (2) If your answer to Question (d)(1) is "Yes," state:    In addition to being properly raised on direct appeal and in a jurisdictional appeal to the Ohio Supreme Court this was an issue raised in a post-conviction petition as well.

   Type of motion or petition:    Request for Leave to File Petition to Vacate or Set Aside Judgment of Conviction

   Name and location of the court where the motion or petition was filed:    Summit County Court of Common Pleas, 205 South High Street, Akron, Ohio 44305

   Docket or case number (if you know):    CR-2021-02-0507

AO 241 (Rev. 09/17)

Date of the court's decision:     08/21/2024

Result (attach a copy of the court's opinion or order, if available):     Attached

(3) Did you receive a hearing on your motion or petition?          ☐ Yes     ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☐ Yes     ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     NA

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Subsequent appeals and original actions in mandamus have been filed which have addressed this issue

however, it was originally, properly addressed on direct appeal, and then in the request for jurisdiction to th

Ohio Supreme Court, thereby rendering the lack of exhausted remedies for the post-conviciton filing moo

as state remedies for this issue were examined.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :   This matter was addressed in a misc. filing in the

Ohio Supreme Court, in case 2024-0970, which was dismissed, and again in an original action in

mandamus which was likewise dismissed.

**GROUND THREE:**          The Petitioner was denied due process of law as he was convicted based largely on an

unduly suggestive photo array, and the trial court failed to properly address said matter.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The identication process utilized in by the State of Ohio for multiple witnesses, namely Kukla and Tate, were

unconstitutional. Specifically, in both situations, the techniques used to gather the evidence was unnecessarily

suggestive and conducive to ireeparable mistaken identification, and in neither circumstance, the trial court

properly evaluated the substantial likelihood of misidentification.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:   State remedies were exhausted on this

matter.

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   This matter was raised on direct appeal.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Request for Leave to File Petition to Vacate Conviction or Judgment

Name and location of the court where the motion or petition was filed:   Summit County Court of Common Pleas.

205 South High Street, Akron, Ohio 44305

Docket or case number (if you know):   CR-2021-02-0507

Date of the court's decision:   08/21/2024

Result (attach a copy of the court's opinion or order, if available):   Attached

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

This matter was properly raised and preserved on both the direct appeal, and the request for jurisdiction

to the Ohio Supreme Court following the denial of the direct appeal.. Further litigation under the post-

conviction was moot.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:    This matter was also dressed in a misc. filing

in the Ohio Supreme Court, Case 2024-0970, which was dismissed, and an original action in

mandamus, in the Ohio Supreme Court Case 2024-1034, which was likewise dismissed.

**GROUND FOUR:**    The Petitioners convictions were against the sufficiency of the evidence.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State of Ohio failed, at trial, to prove that the Petitioner was the actor of the alleged claims. They failed to prove

his identity. The State of Ohio further failed to present accurate witness testimony of the Petitioner's identification, a

as outlined above, the detectives used unnecessarily suggestive tactics to determine that Petitioner was even

involved. Furthermore, there was not one iota of forensic or DNA testimony introduced.

(b) If you did not exhaust your state remedies on Ground Four, explain why:    This matter was exhausted

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Request for Leave to File Petition to Vacate or Set Aside Judgment or

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Summit County Court of Common

Pleas, 205 South High Street, Akron, Ohio 44308.

Docket or case number (if you know): CR-2021-02-0507

Date of the court's decision: 08/24/2024

Result (attach a copy of the court's opinion or order, if available): Attached


(3) Did you receive a hearing on your motion or petition? ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition? ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Ohio Ninth District Court of Appeals

121 South Main Street, Suite 200, Akron, Ohio 44308

Docket or case number (if you know): 31225

Date of the court's decision: 02/13/2025

Result (attach a copy of the court's opinion or order, if available): Dismissed, Attached


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

It was raised


(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: This matter was tangentally addressed in

a misc filing in the Ohio Supreme Court, 2024-0970, which was dismissed, as well as an

original action in mandamus in the Ohio Supreme Court, 2024-1034, which was likewise dismissed.


Please note that TWO additional Grounds for Relief are thoroughly outlined in the attachment.

AO 241 (Rev. 09/17)

13.     Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?  ☑ Yes       ☐   No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:  NA

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        NA

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?    ☐   Yes    ☑ No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.    NA

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?    ☑  Yes    ☐   No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

        raised.    Summit County Court of Common Pleas, 205 S. High Street, Akron Ohio 44304, Case CR-2021-

        02-0507. Motion for Leave to File a Delayed Motion for New Trial. The Petitioner respectfully incorporates

        grounds as outlined in the Attachment to Petition, 11(j).

        Grounds outlined in Section 11(j) of the Attachment to this Petition.

AO 241 (Rev. 09/17)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:    This matter was direct indicted.

(b) At arraignment and plea:    Walter Madison, 137 South Main Street, #201, Akron, Ohio 44308
Joseph Gorman, 137 South Main Street, #201, Akron, Ohio 44308

(c) At trial:    Walter Madison, same address as above; Joseph Gorman, same address as above

(d) At sentencing:    Walter Madison, same address as above; Joseph Gorman, same address as above

(e) On appeal:    Seneca Konturas, 121 South Main Street, Suite 205, Akron, Ohio 44308

(f) In any post-conviction proceeding:    Appellant Proceeded Pro Se

(g) On appeal from any ruling against you in a post-conviction proceeding:    Appellant Proceeded Pro Se

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐   Yes     ☑   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
NA

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐   Yes     ☐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
This petition is timely filed.

AO 241 (Rev. 09/17)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

    (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  reverse and vacate Petitioner's conviction, or

in the alternative, reverse and remand for proceedings not violative of the Appellant's Constitutional Rights.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

Mary Catherine Corrigan
0091210

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    04/16/2025    (date).

_____
Signature of Petitioner      Attorney Signature

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

This matter is an attorney filing.

Joseph Pinckney v Cynthia Davis

Petition for Writ of Habeas Corpus Continued Answers

(9)(g)(6)

(2)The trial court comments bolstering on eyewitness' credibility resulting in prejudice against he defendant. The trial court impermissibly bolstered the credibility of an eyewitness by commenting on the truthfulness of the witness' testimony in front of the jury. It is even more egregious for a judge to vouch for the credibility of a witness because by doing that the judge adds his considerable influence to the jury's evaluation of the evidence. (3) When the trial failed to suppress eyewitness identification of defendant due to law enforcement's use of an unduly suggestive photo array and the[n] failed to properly instruct the jury on the matter at trial in contravention of case law and the Ohio Revised Code. In three important decisions issued in the same year, the Supreme Court ruled that identification procedures were subject to constitutional review. (4) The constitution ensures the fairness of the procedure by which the State singles out individuals for a criminal sanction. They ha[ve] to show, by a fair process, that the defendant did what [they] say he did. The government has to prove every element in the indictment. The trial court failing to grant defendant's motions for acquittal under Crim. R. 29, [...] the Trial Court failed to find the State had "not" presented sufficient evidence relating to the identification of the Defendant, nor the actus reus of the crimes to support the case proceeding to the jury or the subsequent convictions by the jury for those reasons the acquittal was improperly denied. (5) The trial court prejudice[d] the defendant by entering judgment on the verdict against the manifest weight of the evidence. The State failed to meet its burden of production and substantial contradictory evidence was presented to the jury causing the jury to lose its way. (6) The trial court allowing the State to claim in closing that the Defendant needed to present evidence to disprove allegation. It was prejudicial for the trial court to overrule Defendant's objections to statements made by the State inferring that the Defendant has a burden of proof where the Defendant carries "no" burden of proof.

(11)(b)(5)

And Section 16, Article I of the Ohio Constitution, as the trial judge failed to comply with the requirements of RC 2929.14(E)(4) and 2929.19(B)(2)(c). (5) Mr. Pinckney's Constitutional right to [d]ue process was violated by the state's deliberate failure to produce the statement of Dwayne Jackson, the prosecution's prime/ key eyewitness, as well the 911 call of Nedra Tate, in violation of Brady v. Maryland, 373 US 83. (6) The trial court committed reversible error when it allowed the state's witness to testify about hearsay statements in violation of Mr. Pinckney's right to confront the witness protected by the Sixth Amendment of the United States Constitution. (7) Petitioner is actually innocent and his wrongful conviction and sentence constitute a manifest injustice. (8) The [Trial] Court committed reversible error bolstering an[.] eye witness['s] credibility resulting in prejudice against the Petitioner. Moreover, the credibility of crucial testimony crucial to the State's case comes into question due to significant inconsistencies. The trial judge's backing witness credibility unfairly prejudice the Petitioner's entitlement to a fair trial. (9) The trial court denying Petitioner's motion to suppress eyewitnesses identification based on unnecessarily suggestive photo array. (10) The trial court erred by failing to grant Petitioner's Crim. R. 29 motion for acquittal and entering judgment on the verdict unsupported by sufficient evidence. (11) The [trial] court erred

by entering judgment on the verdict against the manifest weight of the evidence. (12) The trial court erred by allowing the state to claim in closing that the defense bore a burden to disprove allegations, where the Petitioner carries no burden of proof. (13) The petitioner's counsel rendered ineffective assistance of counsel by failing to provide crucial evidence when he failed to present the medical records. (14) Petitioner's counsel rendered ineffective assistance of counsel when he failed to present to the jury the four (4) body worn cameras of the night of and present it to the [trial] court. (15) Petitioner's counsel rendered ineffective assistance of counsel when he failed to present to the jury the recorded interview of Nedra Tate conducted by Detective Sean Taylor. (16) Petitioner's counsel rendered ineffective assistance of counsel when he failed to file a motion for a mistrial when the trial judge erroneously vouched for the credibility of a State's witness. (17) Petitioner's counsel rendered ineffective assistance of counsel for counsel's failure to solicit and call as an expert witness, an expert in human memory and recall where the only conceivable inculpatory evidence was eyewitness identification. (18) Petitioner was provided ineffective assistance of counsel due to counsel's failure to timely object, when the [trial] court vouched for a State witness. (19) Petitioner's counsel rendered ineffective assistance of counsel when Counsel failed to retrieve the four (4) body worn cameras from the officer's from the night of. (20) Petitioner was denied a fair trial before an impartial jury of his peers guaranteed by Section 10, Article I of the Ohio Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution, by the introduction of irrelevant and prejudicial evidence. (21) Petitioner was denied effective assistance of counsel [....] for counsel's failure to secure testimony and call as witness a Forensic DNA Expert to determine whether the DNA found on the shell casing was significant to make an identification of the actual shooter. (22) Petitioner received ineffective assistance of counsel as counsel failed to file a motion for reconsideration of the State's sustained hearsay objections. (23) Petitioner was denied effective assistance of counsel [...] by failing to file a Motino to Suppress the execution of a cell phone search warrant. (24). Petitioner was denied the effective assistance of counsel due to counsel's failure to locate and call as witnesses several alibi witnesses. (25). Petitioner was denied effective assistance of counsel due to counsel's failure to call Petitioner as a witness. (26). Petitioner was denied the effective assistance of counsel [...] by counsel's failure to go over the discovery with the Petitioner. (27) Not applicable. (28) Petitioner was denied effective assistance of counsel by failing to call relevant witnesses. (29) Petitioner was denied effective assistance of counsel [...] by raising inadmissible evidence in his direct appeal. (30). Petitioner was denied effective assistance of counsel [...] by failing to present recorded interviews. (31) Petitioner was denied effective assistance of counsel [...] for failing to file a Motino for dismissal. (32) The trial court erred as a matter of law to Amend the indictment. (33). Petitioner was denied effective of counsel [...] by failing to present medical records. (34) Petitioner was denied effective of counsel [...] when he failed to file a motion as a matter of law State v. Marshall [...] that the court held that Ohio districts have specifically recognized the discretion  of the court to call a domestic violence victim as the court's witness. (35). Adjudication for Aggravated burglary was not supported by sufficient evidence.

11(e)

      Name of Court: Summit County Court of Common Pleas

      Docket or Case Number: CR-2021-02-0507

Date: 06/21/2024

Nature: Request for Leave to Request Public Records

Grounds: Public records were sought on behalf of the Defendant in order to effectuate due process and a fair trial.

Did you receive a hearing: No.

Result: Granted

Date of Result: 10/17/2024

11(f)

Name of Court: Summit County Court of Common Pleas

Docket or Case Number CR-2021-02-0507

Date: 8/12/2024

Nature: Motion to Dismiss

Grounds: Due to prosecutorial misconduct the charges against the Defendant must be dismissed.

Result: No ruling reflected on the public docket.

11(g)

Name of Court: Summit County Court of Common Pleas

Docket or Case Number CR-2021-02-0507

Date: 8/12/2024

Nature: Motion to Dismiss Based on Failure to Charge an Offense

Grounds: The indictment against the Defendant was unconstitutionally vague and did not permit him to prepare an adequate defense.

Result: No ruling reflected on the public docket.

11(h)

Name of Court: Summit County Court of Common Pleas

Docket or Case Number: CR-2021-02-0507

Date: 8/26/2024

Nature: Motion to Dismiss for Lack of Jurisdiction and Failure to State an Offense

Grounds: The trial court lacked jurisdiction over this offense, and the indictment was unconstitutionally vague and failed to adequately describe the conduct for which the defendant was charged.

Result: No ruling reflected on public docket.

11(i)

Name of Court: Ohio Court of Appeals, Ninth Appellate District

Docket or Case Number: 31225

Date: 9/16/2024

Nature: Direct appeal of order denying defendant's above outlined motions.

Grounds: (1) The trial court erred by denying Mr. Pinckney's Motino for post-conviction relief without issuing findings of fact and conclusions of law, in violation of ORC 2953.21(B); (2) the trial court erred in ruling that Appellant's petition was untimely, disregarding the exception in ORC 2953.23(A), which permits the late filing when the petitioner was unavoidably prevented from discovering the facts necessary to file the petition; (3) The trial court erred by denying Mr. Pinckney's request for public records under RC 149.43 thereby impeding his ability to gather evidence in support of his claims. (4) the trial court's denial of Mr. Pinckney's Motion for Post-Conviction Relief, without the necessary findings of fact and conclusions of law, resulted in a miscarriage of justice and violated his due process rights. (5) The trial court erred in denying Appellant's Motion for Leave to File Petition for Post-Conviction Relief under RC 2952.23, despite Appellant being unavoidably prevented from discovering the grounds for relief within the statutory time limit. (6) The trial court improperly applied the doctrine of res judicata to bar the Appellant's claims, despite the presentation of new evidence and legal arguments not previously available. (7) The trial court erred by failing to recognize the cumulative errors of trial counsel, which denied Appellant his constitutional right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution. (8) The trial court erred in finding that Pinckney did not comply with RC 2953.21, thereby violating his rights under the Fifth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution. (9) The trial court erred when it denied Pinckney's motion to suppress as it was not supported by competent, credible evidence. (10) The trial court erred because the evidence is insufficient to sustain the conviction as the prosecutor failed to prove venue beyond a reasonable doubt. (11) Pinckney counsel rendered ineffective assistance [of counsel] by failing to develop a plain error assignment on appeal. (12) The trial court erred in sentencing Mr. Pinckney to consecutive prison terms thereby denying him due process as provided by the Fifth and Fourteenth Amendments of the United States Constitution, and Section 16, Article 1 of the Ohio Constitution. (13) Pinckney['s] constitutional right to due process was violated by the State's deliberate failure to produce the statement of Dwayne Jackson, the prosecutor's prime / key eyewitness, as well the 911 call of Nedra Tate in violation of Brady v. Maryland, 373 US 83, 87. (14) The trial court committed reversible error when it allowed the state's witness to testify about hearsay statements in violation of Mr. Pinckney's right to confront the witness protected by the Sixth Amendment of the United

State[s] Constitution. (15) Pinckney['s] counsel rendered ineffective assistance of counsel by the failure to solicit and call as an expert witness, in human memory only evidence was eyewitness identification.

Result: Dismissed

Date of Ruling: 2/13/2025

11(j)

Name of Court: Summit County Court of Common Pleas

Docket or Case Number: CR-2021-02-0507

Date: 9/17/2024

Nature: Motion for Leave to File a Delayed Motion for New Trial

Grounds: (1) Newly discovered evidence: exculpatory text messages and witness testimony; (2) exculpatory text messages from Kenny Henderson and Darsean King; (3) Text message sent to defense counsel confirming Defendant's absence from crime scene; (4) Failure to present evidence of an alibi; (5) ineffective assistance of counsel, to wit failure to discover and present these crucial messages; (6) failure to present key alibi witnesses; (7) failure to utilize exculpatory text messages; (8) prosecutorial misconduct; (9) violation of ORC 2921.32, 2921.44; (10) misleading the court and jury.

Result: No ruling reflected on publicly available dockets.

11(k)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2022-0218

Date: 3/1/2022

Nature: Original Action in Mandamus

Grounds: The matter must be dismissed due to illegal procedural defects and the failure of Judge Amy Corgill Jones to appropriately rule on motions.

Result: Dismissed

Date of Ruling: 5/11/2022

11(l)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2022-0268

Date: 3/14/2022

Nature: Original Action in Mandamus

Grounds: Summit County Prosecuting Attorney Sheri Bevons Walsh must be ordered to perform her ministerial duties and hold a preliminary hearing, rather than simply issue a direct indictment.

Result: Dismissed

Date of Ruling: 4/8/2022

11(m)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-0768

Date of Filing:  6/4/2024

Nature: Original Action in Mandamus

Grounds: Ninth Appellate District Court's decision of 12/20/2023 should be vacated in its entirety or in the alternative, paragraph 30 must be stricken.

Result: Dismissed

Date of Ruling: 8/24/2024

11(n)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-0970

Date of Filing: 7/5/2024

Nature: Miscellaneous

Grounds: Ninth Appellate District Court must issued a ruling that they enter a proper decision.

Result: Dismissed

Date of Ruling: 9/28/2024

11(o)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-1021

Date of Filing: 7/16/2024

Nature: Original Action in Mandamus

Grounds: The photo array used to convict Mr. Pinckney was illegally obtained, and the Ohio Supreme Court should issue a writ that the matter be reversed and vacated.

Result: Dismissed

Date of Ruling: 10/2/2024

11(p)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-1034

Date of Filing: 7/17/2024

Nature: Original Action in Mandamus

Grounds: The Ohio Supreme Court must issue the writ and order the Ninth District Court of Appeals to issue a proper decision given the facts presented in the appeal.

Result: Dismissed

Date of Ruling: 10/2/2024

11(q)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-1189

Date of Filing: 8/16/2024

Nature: Original Action in Mandamus

Grounds: Mr. Pinckney was illegally convicted due to a deficient indictment and the conviction must be vacated because of it.

Result: Dismissed

Date of Ruling: 10/30/2024

11(r)

Name of Court: Ohio Supreme Court

Docket or Case Number: 2024-1191

Date of Filing: 8/16/2024

Nature: Original Action in Mandamus

Grounds: Southern Ohio Correctional Facility is violative of Mr. Pinckney's constitutional rights by failing to grant him adequate access to the materials needed to continue to fight his legal battles.

Result: Dismissed

Date of Ruling: 10/30/2024

11(s)

    Name of Court: Ohio Supreme Court

    Docket or Case Number: 2024-1231

    Date of Filing: 8/28/2024

    Nature: Original Action in Mandamus

    Grounds: Ninth District Court of Appeals violated Mr. Pinckney's rights and there is no remedy in the ordinary course.

    Result: Dismissed

    Date of Ruling: 10/30/2024

11(t)

    Name of Court: Ohio Supreme Court

    Docket or Case Number: 2024-1421

    Date of Filing: 10/8/24

    Nature: Original Action in Mandamus

    Grounds: Respondent violated their duties pursuant to ORC 149.43(B) by failing to provide requested public records.

    Result: Dismissed

    Date of Ruling: 1/22/2025

11(u)

    Name of Court: Ohio Supreme Court

    Docket or Case Number: 2025-0528

    Date of Filing: 4/15/2025

    Nature: Original Action in Mandamus

    Grounds: The Summit County Court of Common Pleas Clerk of Courts and the Akron Municipal Court are violating Mr. Pinckney's rights due to their failure to comply with public records requests.

    Results: Matter is still pending.

GROUND FIVE: The Petitioner was denied due process of law when the State of Ohio engaged in burden shifting in their closing arguments.

    (a)  Supporting Facts

During closing arguments, while talking about who was present at the house where the shooting occurred, the assistant prosecutor stated to the jury, "what's really important, I think, to remember is the evidence that the defense did not provide to you." This statement was appropriately objected to by defense counsel. Nevertheless, the prosecutor continued, "do you know what the defense did not provide you? Mr. Pinckney's cell phone from the night of." Again, this was objected to.

(b)  If you did not exhaust your state remedies for Ground Five (5) explain why.
State remedies were exhausted on this ground.

(c)  Direct Appeal of Ground Five
1.  If you appealed from the judgment of conviction did you raise this issue? Yes
2.  If you did not raise this issue on direct appeal, explain why. This matter was raised on direct appeal.

(d)  Post Conviction Proceedings
1.  Did you raise this issue through a post-conviction petition or petition for habeas corpus in a state trial court. Yes
2.  If your answer to question (d)(1) is Yes state:
Type of Petition or Motion: Request for Leave to File Petition to Vacate or Set Aside Judgment or Conviction.
Name and Location of the court where the Motion was filed: Summit County Court of Common Pleas, 205 South High Street, Akron, Ohio 44308.
Docket or Case Number: CR-2021-02-0507
Date of Court's Decision: 08/24/2024
Result: Attached
3.  Did you receive a hearing on your motion or petition? No
4.  Did you appeal from the denial of your motion or petition? No
5.  If your answer to question (d)(4) is Yes did you raise this issue on appeal? NA
6.  If your answer to question (d)(4) is Yes State:
a.  Name and location of where appeal was filed. NA
b.  Docket or case number. NA
c.  Date of Court's decision. NA
7.  If your answer to question (d)(4) or (d)(5) is No, explain why you did not raise this issue.
This matter was properly raised on direct appeal, and exhausted in state's remedies through a request for jurisdiction to the Ohio Supreme Court, and therefore continuing to pursue it under post-conviction grounds was moot.

(e)  Other Remedies. Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust state remedies on Ground Five.
A miscellaneous filing with the Ohio Supreme Court, Case No. 2024-0970, was filed requesting that the Ninth District be ordered to follow the law. This was dismissed. An original action in mandamus was filed requesting the same, in Ohio Supreme Court Case 2024-1034, which was likewise dismissed.

# IN THE COURT OF COMMON PLEAS

## COUNTY OF SUMMIT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. CR-2021-02-0507-B |
| | ) | |
| Plaintiff | ) | JUDGE JENNIFER D. TOWELL |
| -vs- | ) | |
| | ) | |
| JOSEPH PINCKNEY | ) | **O R D E R** |
| | ) | |
| Defendant | ) | |

This matter is before the Court on Defendant, Joseph Pinckney's Motion for Leave to File Petition to Vacate or Set Aside Judgment of Conviction or Sentence filed on June 18, 2024. Mr. Pickney has also filed a Motion for Recusal or Disqualification of the Prosecutor; and an affidavit. The State responded by file a Motion to Dismiss, which Defendant filed a response. The matter is fully submitted and ripe for this Court's decision. For the reasons below, Defendant's Motions are DENIED.

## I.      Background

Defendant was indicted for Aggravated Murder, Murder, Aggravated Burglary and Felonious Assault with firearm specifications for each offense. *State v. Pickney*, 2023-Ohio-4630, ¶5 (9th Dist.).  He was later found guilty of one count of aggravated murder, one count of aggravated burglary, and two counts of felonious assault as well as the specifications for each offense. *Id.* Defendant was sentenced to life imprisonment without parole eligibility. *Id.* Defendant appealed, asserting six errors. *See generally, State v. Pickney*, 2023-Ohio-4630 (9th Dist.). The Ninth District affirmed Defendant's conviction. *Id.*

## II.     Court's Analysis

R.C. 2953.21 governs petitions for post-conviction relief and permits a criminal defendant "who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States" to "file a petition in the court that imposed sentence, stating the grounds for

relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." *See State v. Nolde*, 2016-Ohio-636, ¶ 8 (3d Dist.).

Defendant has filed a Motion for Leave to file for Post-Conviction Relief. His petition alleges several grounds, including, but not limited to, sufficiency of the evidence; ineffective assistance of counsel; and prosecutor misconduct. The majority of his grounds for his Post-Conviction Relief were raised in his direct appeal.

First, the Court is not required to consider the merits of this Motion as a matter of law, as Defendant is seeking leave to file his petition. Even if leave would be granted, R.C. 2953.21(A)(1)(a) mandates that a petition for post-conviction relief must be filed "no later than three hundred sixty-five days after the date on which the transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. . .." Here, the transcripts were filed on November 4, 2022. Defendant's Motion for Leave was not filed until June 18, 2024, well passed the three hundred sixty-five deadline. As the petition would not be timely, this Court would not have jurisdiction to consider Defendant's petition. *State v. Dennard*, 2019-Ohio-2601, ¶ 6 (9th Dist.).

While, Defendant contends he was unavoidably prevented due to his prior counsel's negligence, and not having access to the transcripts prior to the three hundred and sixty five day deadline, these arguments fail. When dealing with petitions for post-conviction relief, Ohio courts have stated that "[t]he phrase 'unavoidably prevented' means that a defendant was unaware of those facts and was unable to learn of them through reasonable diligence." *State v. Burton*, 2017-Ohio-7588, ¶ 9 (9th Dist.), quoting *State v. McDonald*, 2005-Ohio-798, ¶ 19 (6th Dist.), *See also State v. Short*, 2003-Ohio-3538, ¶ 9 (8th Dist.). The statute speaks of being "unavoidably prevented from discovering facts, not the law." *See State v. Clay*, 2018-Ohio-985, ¶12 (7th Dist.). Defendant does not present any evidence, outside of conclusory arguments that his prior counsel was negligent, or any basis for not having access to the transcripts, which

were filed publicly on the Court's docket and which his appellate counsel used to in his direct appeal.

In addition to not being timely -

Under the doctrine of res judicata, a final judgment of conviction bars a defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment.

*See State v. Perry*, 10 Ohio St.2d 175, paragraph nine of the syllabus (1967).

Here, Defendant's arguments were either raised in his appeal or could have been raised. Defendant chose not to present any additional evidence, outside of a self-serving affidavit. Res Judicata bars his claim.

Defendant has failed to demonstrate the applicability of an exception in R.C. 2953(A). Additionally, Res Judicata bars his claim. Therefore, the Court DENIES his Motion for Leave.

Finally, Defendant seeks to disqualify Assistant Prosecutor Felicia Easter. This argument is also barred by Res Judicata. This argument could have be raised on Defendant's direct appeal, but was not. Defendant's Motion is DENIED.

IT IS SO ORDERED.

_____
JUDGE JENNIFER D. TOWELL

CC:
ATTORNEY JOSEPH F. GORMAN
ATTORNEY WALTER T. MADISON
ATTORNEY SENECA KONTURAS

TYS

STATE OF OHIO           )              IN THE COURT OF APPEALS

                           )ss:            NINTH JUDICIAL DISTRICT

COUNTY OF SUMMIT       )

STATE OF OHIO

       Appellee

       v.

JOSEPH PINCKNEY                  JOURNAL ENTRY

       Appellant

                                             C.A. No. - 31225

      On October 9, 2024, this Court ordered appellant to pay the costs deposit or obtain a waiver and file a docketing statement.  According to the docket, appellant has not responded to this Court's order. Appellant has also not responded to this Court's December 4, 2024 order to file a complying brief. Therefore, the appeal is dismissed for failure to respond to a court order.  Costs are taxed to appellant.

      The clerk of courts is ordered to mail a notice of entry of this judgment to the parties and make a notation of the mailing in the docket, pursuant to App.R. 30, and to provide a certified copy of the order to the clerk of the trial court. The clerk of the trial court is ordered to provide a copy of this order to the judge who presided over the trial court action.

                                         _____

                                         Judge

Concur:
Carr, J.
Sutton, J.